# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action   3·25·19  10:44

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| Daniel Hall, Burford Capital LLC, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   18-cv-80748-BLOOM/Reinhart |
| | ) | |
| Harry Sargeant, III | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Foley & Lardner LLP
c/o F & L Corp, One Independent Dr. Suite 1300, Jacksonville, FL 32202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Accurate Court Reporting<br>2894 Remington Green Ln.<br>Tallahassee, FL, 32309 | Date and Time:<br><br>04/05/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/21/2019

*CLERK OF COURT*

OR

_____     /s/ Samuel A. Danon
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Daniel Hall, Burford Capital LLC, Dundrod Investments Ltd.             , who issues or requests this subpoena, are:
Samuel A. Danon, 1111 Brickell Avenue, Suite 2500, Miami, FL 33131, sdanon@huntonak.com, (305)-810-2460

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-80748-BLOOM/Reinhart

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:19-mc-00004-MW-CAS   Document 1-1   Filed 04/25/19   Page 4 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the accompanying subpoena, you are hereby requested by Plaintiffs Daniel Hall, Burford Capital LLC, and Dundrod Investments Ltd. (collectively, "Plaintiffs") to produce for inspection and copying on or before April 5, 2019 at Accurate Court Reporting, 2894 Remington Green Ln, Tallahassee, FL 32309, or at such other mutually agreeable time and place, the documents identified below.

## DEFINITIONS

1. The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

2. The term "Amended Counterclaims" shall mean the amended counterclaims filed by HS3 in this action on January 14, 2019. *See* ECF No. 68.

3. The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside their scope.

4. The term "Burford" shall mean Plaintiff Burford Capital LLC and all persons or entities acting or that have acted on its behalf, including but not limited to its agents, representatives, employees, predecessors, and successors.

5. The term "Communications" (or any variant thereof) shall mean any transmission between or among two or more persons by any means, including written transmission by means such as letters, memoranda, telegrams, telecopies, telexes, email, instant messages, or any other document; any oral transmission of information, such as face-to-face meetings or telephone conversations; and any writings memorializing such transmissions.

6. The term "concerning" shall mean discussing, describing, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth,

considering, recommending, relating to, regarding, or pertaining to, in whole or in part.

7. The term "Document" or "Documents" shall mean documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings (including voicemail messages), images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. The term "Dundrod" shall mean Plaintiff Dundrod Investments Ltd. and all persons or entities acting or that have acted on its behalf, including but not limited to its agents, representatives, employees, predecessors, and successors.

9. The term "ELIJAH companies" shall mean ELIJAH LTD. CORP., ELIJAH DATA SECURITY LLC, ELIJAH INFORMATION TECHNOLOGY LLC, and EFFICIENT EDISCOVERY EXPERTS LLC, including its directors, officers, employees, and agents, including, for avoidance of doubt, Andrew Reisman.

10. The term "HS3" shall mean Defendant Harry Sargeant, III.

11. The term "include" or "including" shall denote a portion of a larger whole and is used without limitation.

12. The term "Original Counterclaims" shall mean the counterclaims filed by HS3 in this action on December 3, 2018. *See* ECF No. 54.

13. The term "person" shall mean natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal, or governmental entity or association, including any directors, officers, employees, agents, or representatives thereof.

14. The term "Release I" shall mean the Release of Mohammad Al-Saleh, Burford Capital LLC, and Dundrod Investments Ltd., by Deborah Sargeant individually and Harry Sargeant, III and Deborah Sargeant as tenants by the entireties.

15. The term "Release II" shall mean the Release of Mohammad Al-Saleh, Burford Capital LLC, and Dundrod Investments Ltd., by Harry Sargeant, III; Harry Sargeant, IV; Kevin G. Kirkeide; Mustafa Abu-Naba'a; Karim Abu-Naba'a; BTB Refining, LLC; Global Oil Management Group, Ltd.; Global Oil 604, LLC; International Oil Trade Centre (a/k/a IOTC Jordan); International Oil Trading Company, Ltd. (a/k/a IOTC Bahamas); International Oil Trading Company, B.V. (a/k/a IOTC BV); S.A. Acquisitions, LLC; Sargeant Marine Limited; and Tennyson Villa, LLC.

16. The term "Requests" shall mean the Requests for Production listed below.

17. The term "SAC" shall mean the Second Amended Complaint dated February 20, 2018, ECF No. 93, in *Sargeant v. Maroil Trading Inc.*, No. 17-cv-81070 (S.D. Fla.).

18. The term "Settlement Agreement" shall mean the Settlement Agreement, effective as of October 4, 2016, by and among Mohammad Al-Saleh, on the one hand, and Harry Sargeant, III and Mustafa Abu-Naba'a, on the other hand.

19. The term "State-Court Complaint" shall mean the complaint filed by HS3 in *Sargeant v. Sargeant*, No. 2018-CA-007932-XXXX-MB (Fla. 15th Cir. Ct.), and docketed in this case at ECF No. 21-1.

20. The term "You" or "Your" shall refer to Foley & Lardner LLP, including its partners, associates, paralegals, and staff. For avoidance of doubt, You or Your includes the following attorneys: Christopher Kise, Melissa Coffey, Joshua Hawkes, Adam Losey, and Kathryn Williams.

21.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual Requests in the broadest form permitted.

22.     The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Request inclusive rather than exclusive.

## **INSTRUCTIONS**

1.      These Requests require You to produce all documents and things that are in Your actual or constructive possession, custody, or control or in the custody or control of Your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf.

2.      These Requests require production of the documents in full, without deletion, redaction, abbreviation, or expurgation.

3.      These Requests are continuing. All Requests shall be construed to include any additional documents responsive to these Requests that are discovered, acquired, created, or generated after the date upon which production is made.

4.      All documents should be produced in the order in which they appear in Your files, organized by source, and should contain a clear indication of where each document ends and the next begins. Documents that are found in boxes, file folders, bindings, or other containers are to be left intact as kept. Documents maintained in a file folder or binding should be preceded by the file folder or binding label, if one exists, and should contain a clear indication of where the file folder or binding begins and ends. All attachments to a document should be produced with the document. A unique control number should be affixed to each page. Computer files (including backup files), email messages, and other documents maintained in electronic form should be produced in machine-readable electronic form.

5.    In the event that any document called for by these Requests has been destroyed, discarded, or otherwise disposed of, that document should be identified as completely as possible, including, without limitation, the following information: the author(s) of the document; the name of the person(s) to whom the document was delivered or addressed, including indicated and blind copy recipients; the date of the document; the date and manner of disposal of the document; the reason(s) for and person(s) authorizing the disposal; the person(s) disposing of the document; and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

6.    You are required to provide any necessary passwords or decryption for documents that are password protected or encrypted.

7.    If You contend that You are entitled to withhold any requested document on the basis of any privilege or other ground, produce the non-privileged portions and provide separately a privilege log consistent with the requirements of Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.1(e)(2), that:

(a)    describes the nature of the document, *i.e.*, whether it is an email, memorandum, report, etc.;

(b)    states the date or dates of the document;

(c)    identifies all persons having possession, custody, or control of the document;

(d)    identifies all persons with knowledge of the information, including any person who sent, received, edited, revised, or amended the document. This includes any individuals known to You as an intended or unintended recipient of the document;

(e)    describes the subject matter of the document with sufficient detail to enable Plaintiffs, or the Court if necessary, to determine whether the document was

appropriately designated as privileged; and

    (f)    states the basis upon which You contend You are entitled to withhold the document from discovery.

8.    If You redact privileged portions of any document, You are requested to produce a PDF image representation of the redacted document, an extracted text after redaction, and any non-privileged metadata.

9.    To the extent that You consider any of the following Requests objectionable, You shall respond to that portion of the Request that is not objectionable in Your view. Separately state that part of each Request as to which You raise objection and each ground for each such objection. This instruction applies not only to objections to the Requests but to the instructions and definitions relating to them.

10.    In the event it is claimed that any Request is premature because Your investigation of the subject matter of the Request or Your discovery is not completed, provide all the information now available to You and supplement the response as soon as further information is found.

11.    Except where otherwise indicated, responses to these Requests are to cover the period from January 1, 2013 through the present, and continuing to the time of the trial in this case.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents reflecting the factual basis for, and/or any factual investigation You conducted relating to, HS3's allegations in the SAC.

**REQUEST NO. 2:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents reflecting the factual basis for, and/or any factual investigation You conducted relating to, HS3's allegations in the Original Counterclaims.

**REQUEST NO. 3:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents reflecting the factual basis for, and/or any factual investigation You conducted relating to, HS3's allegations in the Amended Counterclaims.

**REQUEST NO. 4:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents concerning Your Communications and interactions with Hall, Burford, Dundrod, Mohammed Al-Saleh, or counsel to any of the foregoing, relating to the Settlement Agreement, Release I, and/or Release II, or any mediation among the parties.

**REQUEST NO. 5:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents concerning the events described in the Gulf

Stream Police Report and Petitions for Injunction filed in this case at ECF Nos. 102-1 through 102-5. For avoidance of doubt, this Request includes: (a) all Documents reflecting Your and/or HS3's knowledge of the text messages and pictures reproduced in the Police Report, and (b) all Documents concerning Your Communications with HS3, Deborah Sargeant, Morgan Sargeant, and/or Harry Sargeant IV regarding the events.

**REQUEST NO. 6:**

To the extent not already produced or logged in response to Plaintiffs' requests for production of documents to HS3, all Documents concerning Your Communications and interactions with Andrew Reisman and/or the ELIJAH companies relating to HS3.

## CERTIFICATE OF SERVICE

I, Armando Cordoves, Jr., hereby certify that on March 21, 2019, I caused a true and correct copy of the foregoing document to be served via email to the following:

Ryon M. McCabe
Adam T. Rabin
Lauren E. Johnson
McCabe Rabin, P.A.
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Tel: (561) 659-7878
Email: rmccabe@mccaberabin.com
Email: arabin@mccaberabin.com
Email: ljohnson@mccaberabin.com

Gregory W. Coleman
Santo DiGangi
Critton, Luttier & Coleman, LLP
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
Tel: (561) 842-2820
Email: gcoleman@lawclc.com
Email: sdigangi@lawclc.com

Christopher M. Kise
Melissa B. Coffey
Joshua M. Hawkes
Foley & Lardner, LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301
Tel: (850) 222-6100
Email: ckise@foley.com
Email: mcoffey@foley.com
Email: jhawkes@foley.com

/s/ Armando Cordoves, Jr.
Armando Cordoves, Jr. (FBN 112425)
HUNTON ANDREWS KURTH LLP